GREENBERG, Circuit Judge,
concurring and dissenting.
I join in the majority’s opinion except to the extent that it sustains any attorney’s fee being paid to the Holmeses. Inasmuch as I depart from the majority’s conclusion on the Chris DiFilippo matter, in my view the Holmeses were not prevailing parties under 20 U.S.C. § 1415(i)(3)(B), previously 20 U.S.C. § 1415(e)(4)(B), in any respect. The majority indicates that this case “is not a classic situation for application of the catalyst theory because the record does not show definitively that the School District replaced DiFilippo in order to appease the Holmeses.” Majority Opinion at 594 (citation omitted). I certainly agree with that statement as the record cannot even support an inferential conclusion that the School District replaced DiFilippo to appease the Holmeses or for any other purpose. To the contrary, DiFilippo left his interpreter position because, as the majority recognizes, he “did not want to undergo the stress and potential harassment of a hearing on his qualifications.” Majority Opinion at 587. Thus, as the majority recites, “the record shows that DiFilippo left the job of his own accord.” Majority Opinion at 594. Nothing could be clearer.
Obviously DiFilippo had good reason to take such action for, as the majority points out, he was familiar with proceedings under the IDEA. Accordingly, he knew what to expect at the anticipated hearing. In the circumstances, who could blame him for seeking a new position in order to stay out of this litigation?
In any event, even if DiFilippo should not have been intimidated by the Holmes-es’ challenge to his qualifications, the fee award still is unjustified. After all, at least to the best of my knowledge, we never have applied the “catalyst theory” to award a plaintiff fees against a defendant in circumstances in which a plaintiff, as here, does not obtain any relief by judgment or settlement from the defendant and the defendant has done nothing to change its behavior “to eliminate the complained-of conduct.” See Baumgartner v. Harrisburg Housing Auth., 21 F.3d 541, 544 (3d Cir.1994). As we indicated in Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 910 (3d Cir.1985) (emphasis added), dealing with a fee application under 42 U.S.C. § 1988, “a court must decide whether plaintiffs are prevailing parties and whether there is a causal connection between the litigation and the relief obtained from the defen *597 dant.” While there can be no doubt that DiFilippo took action which satisfied the Holmeses, he never has been a party to these proceedings in either their administrative or judicial aspects. Moreover, the Holmeses are not seeking any fees from him nor could they do so. Furthermore, the administrative hearing authorities’ view that the matter of DiFilippo’s qualifications was settled merely was a recognition that the issue was ftioot. Obviously, because the defendants neither unilaterally nor by agreement with the Holmeses removed DiFilippo as an interpreter, the parties to this litigation did not settle the case.
Inasmuch as DiFilippo by his action mooted the controversy over his qualifications, no party could prevail on that issue and none has done so. Thus, we are not concerned here with the policy considerations we set forth in Baumgartner, i.e., if a defendant unilaterally could moot the underlying case by conceding to a plaintiffs demands attorneys might be reluctant to bring civil rights suits. Id. at 548. In this regard I emphasize that there is no suggestion in the record that the defendants acted in collusion with DiFilippo to moot the issues involving him. Thus, the defendants did not urge DiFilippo to apply for the new position to which he was transferred.
I want to point out that the majority’s opinion is very significant as it cannot be limited to IDEA cases. The provision that a fee may be awarded to a “prevailing party” in 20 U.S.C. § 1415(i)(3)(B) is reflected in other statutes. For example there are “prevailing party” provisions in the civil rights, 42 U.S.C. § 1988, and employment discrimination, 42 U.S.C. § 2000e-5(k), statutes. As a result of this case we may anticipate that in future litigation in which plaintiffs obtain relief by reason of the actions of persons not parties to litigation they will seek fees from the defendants.
Finally I want to point out that the Supreme Court recently in Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., — U.S. -, 120 S.Ct. 693, 711-12, 145 L.Ed.2d 610 (2000), pointed out that there now is some question as to the continuing validity of the catalyst theory, although it indicated that it would be premature to address the issue in the context of that case. While I certainly recognize that the catalyst theory is followed in this circuit, in view of the Court’s opinion in Laidlaw, we should not extend it.
In view of the foregoing, while I agree completely with the majority that the IEE reimbursement should not be allowed, I would reverse the order awarding fees in its entirety.